**IN THE COURT OF APPEALS OF IOWA**

No. 13-1049
Filed April 30, 2014

**MOHAMED A. IBRAHIM,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Marshall County, Michael J. Moon, Judge.

    An applicant appeals the court's dismissal of his postconviction-relief application. **AFFIRMED.**

    Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

    Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Jennifer Miller, County Attorney, and James Scheetz, Assistant County Attorney, for appellee.

    Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**MULLINS, J.**

Mohamed Ibrahim appeals the court's summary dismissal of his postconviction-relief (PCR) application, asserting his deportation is a ground of fact that could not have been raised within the three-year statute of limitations applicable to PCR applications. He was convicted of various offenses on May 29, 2008, and no appeal was filed. In 2012 Ibrahim was ordered to be removed from the country based on his criminal history when he applied for citizenship. He filed an application for PCR on May 7, 2012, asserting counsel failed to ensure critical proceedings and documents were translated for him, failed to advise him of the immigration consequences of his guilty pleas, and the district court failed to advise him of the immigration consequences as well. The State filed a motion to dismiss based on the three-year statute of limitations for PCR actions. After a hearing, the district court granted the motion to dismiss.

The case of *Padilla v. Kentucky*, 130 S. Ct. 1473, 1486 (2010), does not have retroactive application. *See Chaidez v. United States*, 133 S. Ct. 1103, 1113 (2013). Ibrahim's conviction was final before *Padilla* was decided, and therefore, Ibrahim cannot take advantage of *Padilla*'s holding that counsel owed him a duty to explain the immigration consequences of the guilty pleas. *See Perez v. State*, 816 N.W.2d 354, 355 (Iowa 2012) (noting that if it is decided *Padilla* does not have retroactive application, the defendant cannot rely upon it to set aside an earlier conviction). In addition, Ibrahim failed to file his PCR application within the applicable three-year statute of limitations. While Ibrahim may not have known of the deportation consequences until he was arrested and

the order of deportation was issued, the immigration consequences of his pleas were in existence during the three-year limitations period and a claim of a "lack of knowledge 'is not provided as a ground for exception from the effects of the statute of limitations.'" *Lopez-Penaloza v. State*, 804 N.W.2d 537, 542 (Iowa Ct. App. 2011) (citation omitted). We therefore summarily affirm the district court's dismissal of Ibrahim's PCR application pursuant to Iowa Court Rule 21.26(a) and (c).

**AFFIRMED.**